Steven BROWN, On Behalf of Himself and All Others Similarly Situated,

and

Board of Trustees of the Public Library of Des Moines, Iowa, Appellants,

v.

Dan L. JOHNSTON, Polk County Attorney,

and

Gerald Shanahan, Chief, Division of Criminal Investigation of the Iowa Department of Public Safety, State of Iowa, Appellees.

No. 67495.

Supreme Court of Iowa.

Jan. 19, 1983.

Rehearing Denied Feb. 10, 1983.

Thomas J. McSweeney and Louise M. Jacobs, Asst. City Attys., Des Moines, for appellant Library Board, and Gordon E. Allen, Des Moines, for appellant Steven Brown.

Thomas J. Miller, Atty. Gen., Gary L. Hayward, Asst. Atty. Gen., for appellee Gerald Shanahan, and James Smith, Asst. Polk County Atty., for appellee Dan L. Johnston.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

This case involves a confrontation between the investigative power of law enforcement authorities and the confidentiality provisions of Iowa Code chapter 68A. At issue is whether a county attorney subpoena duces tecum for certain library circulation records is limited or restricted by section 68A.7(13); and if not, whether there exists a constitutionally protected right of privacy in library records, which, when

weighed against the public interest in effective criminal investigations balances in favor of the individual library patrons. We answer both questions in the negative and affirm.

This matter began when an agent of the Iowa Division of Criminal Investigation (DCI), who was investigating cattle mutilations in Polk and other counties, visited the Des Moines Public Library in November, 1979. He asked whether certain circulation records were available for inspection. The agent was told that as a matter of library policy, such records were confidential. At the request of the DCI, the Polk County Attorney, Dan L. Johnston, then applied for and was granted, pursuant to Iowa Rule of Criminal Procedure 5(6), a subpoena duces tecum, requiring the custodian of library records to appear and present "all records of persons who have checked out the books described in State's application." The State's application requested a long list of titles dealing mainly with witchcraft and related topics.

Shortly after the subpoena was served on the library, Steven Brown, a library card holder, filed a petition for declaratory and injunctive relief alleging the right to an injunction under Iowa Code section 68A.8 (1979). Brown's petition named as defendants the library board and the DCI chief. The suit sought to enjoin the examination and copying of the library circulation records "absent a showing of compelling State interest" and requested a declaration that disclosure of such records was unconstitutional. The library board then filed its own petition requesting the court to enjoin enforcement of the subpoena and named as defendants the DCI chief and the Polk County Attorney. The two actions were later consolidated, and the library board was recast as a plaintiff.

Upon hearing, the district court entered a decree denying the declaratory and injunctive relief requested and ruled there was an adequate remedy at law: the library board

of trustees could assert any defenses it had in a later proceeding to enforce the subpoena.

## I. *Applicability of Chapter 68A.*

■ Iowa Code section 68A.7 lists the public records which are to be considered confidential and the requirements for their release:

The following public records shall be kept confidential, unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release information:

. . . .

13. The records of a library which, by themselves or when examined with other records, would reveal the identity of the library patron checking out or requesting an item from the library.[1]

This court has previously confronted questions of applicability of chapter 68A. In *Iowa Civil Rights Comm. v. City of Des Moines,* 313 N.W.2d 491, 494 (Iowa 1981), we were asked to decide whether section 68A.7 was applicable to administrative subpoenas. In that case, the City of Des Moines had resisted a subpoena duces tecum from the Iowa Civil Rights Commission, arguing the records sought were exempt from examination under confidentiality provisions of section 68A.7(11). We disagreed, holding that the exemptions of section 68A.7 were "applicable only within the framework of 'every citizen's *general* right to examine public records under chapter 68A.'" *Id.* at 495. We likened the commissioner's authority to conduct investigations to that of a grand jury, *id.* at 495, stating that: to hold otherwise "would contravene the public interest in redressing civil rights violations and frustrate the Commissioner's statutory investigative powers." *Id.* at 495.

We believe the present case dictates a similar holding. The county attorney's investigative authority is comparable to and in some instances in lieu of the grand jury.

---

1. Library records were added to section 68A.7 by amendment after these actions were filed but before the hearing on them in district court.

It is not contended, however, that the amendment is inapplicable on retroactivity grounds.

*See* Iowa Const. amend. [9] (third amendment of 1884); Iowa R.Crim.P. 5(6) (providing county attorney with subpoena power in investigating crime). As such, the county attorney's investigative power must be broad to adequately discharge his public responsibility. *See United States v. Calandra,* 414 U.S. 338, 343–44, 94 S.Ct. 613, 618, 38 L.Ed.2d 561, 569 (1974); *Branzburg v. Hayes,* 408 U.S. 665, 701–02, 92 S.Ct. 2646, 2666, 33 L.Ed.2d 626, 651 (1972). To hold otherwise would limit the investigative power of the county attorney, while at the same time allowing administrative agencies access to the same records.

There is an additional basis upon which a county attorney's subpoena duces tecum will override a claim of confidentiality: the confidentiality statute is inapplicable by its terms if the records are "ordered by a court." Iowa Code § 68A.7. Rule of criminal procedure 5(6) provides that such an order is a prerequisite for the issuance of the county attorney's subpoena, although it is actually issued by the clerk:

> The clerk of the district court, on written application of the prosecuting attorney *and the approval of the court,* shall issue subpoenas including subpoenas duces tecum for such witnesses as the prosecuting attorney may require in investigating an offense.... Such application *and order of approval* shall be maintained by the clerk in a confidential file....

(Emphasis added). While it is not clear in this case whether the application was "approved" by the court, the library personnel do not dispute the county attorney's claim that the subpoena was obtained in the manner provided by criminal rule 5(6).

Accordingly, we hold that section 68A.7(13) does not prevent execution of a county attorney's subpoena duces tecum.

## II. *Constitutional Challenge.*

■ Brown and the library board also claimed constitutional protection of their right of privacy, based primarily on the first and fourteenth amendments to the United States Constitution, *see N.A.A.C.P. v. Alabama,* 357 U.S. 449, 460–61, 78 S.Ct. 1163, 1170, 2 L.Ed.2d 1488, 1498–99 (1958), as well as the fourth and ninth amendments, *see State v. Pilcher,* 242 N.W.2d 348, 356–57 (Iowa 1976). The effect of forced disclosure of library records would be to chill citizens' reading of unpopular or controversial books because others might learn of it, according to them, and any such inquiry would invade their fourth amendment zone of privacy.

Constitutional privileges against forced disclosure have been recognized in analogous circumstances. The Supreme Court recognized a qualified reporter's privilege based upon the first amendment in *Branzburg,* 408 U.S. at 680, 92 S.Ct. at 2656, 33 L.Ed.2d at 639; and the president's executive privilege was recognized in *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Similarly, this court acknowledged a first-amendment privilege against forced disclosure in *Lamberto v. Bown,* 326 N.W.2d 305 (Iowa 1982) and in *Winegard v. Oxberger,* 258 N.W.2d 847 (Iowa 1977).

These privileges, however, are not absolute; each claim of privilege must be weighed against a societal need for the information and the availability of it from other sources. Even if we assume, as Brown and the library board urge, that a library patron's privilege exists, based upon the patron's right of privacy, it is only a qualified privilege. We must weight the effect of forced disclosure of these records against the societal need for the information.

*Branzburg* and *Nixon* are closely analogous. They, like the present case, involved claims of privilege in connection with criminal investigations. *Branzburg* held that a first-amendment privilege claimed by a reporter must be subordinated to the interest of society in well-founded grand jury indictments. *Branzburg,* 408 U.S. at 685, 92 S.Ct. at 2658, 33 L.Ed.2d at 642. In *Nixon,* the Supreme Court refused to apply the executive privilege claimed by the president in response to the government's request for information in a criminal investigation, because of the court's concern for the fair

administration of criminal justice. *Nixon,* 418 U.S. at 711, 94 S.Ct. at 3109, 41 L.Ed.2d at 1066. *See also Re Farber,* 78 N.J. 259, 273, 394 A.2d 330, 337, *cert. denied,* 439 U.S. 997, 99 S.Ct. 598, 58 L.Ed.2d 670 (1978) (refused to apply first-amendment privilege in criminal investigation).

We believe the rationale of these cases controls here. It is true the State's investigation was only preliminary; and as Brown and the library board argue, no suspects were identified nor was the search for information limited to any named library patrons. This does not diminish the need for the information, however, as we assume the whole purpose in examining the record was to gain enough information so that the investigation could be narrowed.

The State's interest in well-founded criminal charges and the fair administration of criminal justice must be held to override the claim of privilege here. Brown and the library board have cited no cases to us which have reached a contrary conclusion under similar facts, and we have found none.

III. *Oppressiveness of the Demand.*

Because disclosure of this information is not barred by our confidential records act, for the reasons discussed in division I, the library's argument that the request is so overbroad and burdensome that it entitles it to injunctive relief under section 68A.8 is inapposite. We do not, however, foreclose the possibility of obtaining some form of protective order in the future if the demand is in fact unduly burdensome. The record at this point is not sufficient for the court to make that determination.

AFFIRMED.