**In the Matter of WATERLOO COMMUNITY SCHOOL DISTRICT, Appellant,**

**and concerning William J. Gowans, Appellee.**

No. 2–69090.

Supreme Court of Iowa.

Sept. 21, 1983.

Steven A. Weidner of Swisher & Cohrt, Waterloo, for appellant.

Gary J. Boveia, Waverly, for appellee.

HARRIS, Justice.

Because of budget limitations and declining enrollment a school district found it necessary to eliminate the positions of three of its twenty-three elementary school principals. The position of William J. Gowans, a non-probationary administrator with twelve year's service to the district, was one of the three terminated. Gowans appealed the termination to district court, pursuant to Iowa Code section 279.24 (1981), where the termination was reversed. The board appealed from that reversal, arguing it was not required to explain why Gowans' position was one of the three selected for termination. The board believes it is enough to show the need to reduce staff by three positions. It maintains that it cannot thereafter be made to answer why any of the specific positions were chosen for elimi-nation. The district court rejected the board's position and so do we. We affirm the district court.

The Waterloo community school district has seen its share of financial problems. Student enrollment has declined considera-bly since 1967 and yet teachers need periodic pay increases. In December, 1980 the district's administrator informed the board of directors that staff reductions were necessary in order to fund a proposed eight percent pay increase for teachers. The administrator recommended that three full-time elementary principalships be eliminated. There was no collective bargaining agreement covering principals, and no past practice or board policy existed for terminating their positions. Previously the positions had been eliminated only through attrition.

The school board went into executive session to hear the administrator's recommendation on which of the twenty-three princi-palships were to be terminated. The school superintendent recommended the three to be terminated, including Gowans'. The board, upon returning from executive session, voted to consider termination of the three positions recommended.

The board thereafter served notice of its decision on Gowans and provided him with four reasons for its action: (1) the district continues to have a declining student enrollment; (2) the district continues to have budget limitations; (3) the district has eliminated the position of three full-time elementary principals; and (4) "the relative performance and evaluation of the adminis-trators and the needs of the district have been considered."

Gowans requested that a hearing officer be selected, pursuant to Iowa Code section 279.24, to review the board's action. At the hearing the school board introduced evidence to establish reasons (1), (2), and (3). It chose to offer no proof in support of reason (4). The hearing officer, and later the school board, found that the school district had established reasons (1), (2), and (3) and further found that these reasons

amounted to "just cause" for terminating Gowans' position.

On review the district court reversed the board of education, ruling that, although the district had shown sufficient cause to eliminate three positions, it had *not* shown just cause for selecting Gowans' position. It remanded the case for a hearing on that question. The district then took the position that it was not required to make any showing why Gowans' position was selected for termination. It appealed the order of remand to us.

We explained our standard of review under section 279.24 in *Briggs v. Board of Directors, Etc.*, 282 N.W.2d 740, 743 (Iowa 1979).

I. There is no issue on the propriety of the school district's decision to terminate three unspecified principal positions. The district court took this as established and we do too. The issue centers on the school district's contention that it cannot be required to explain why it selected the three specific positions. The district thinks it should be excused from explaining its specific staff reduction terminations because they were not fault oriented. Instead, the district claims, they were solely the product of neutral factors, such as shrinking enrollment and budget constraints. The school district believes it was Gowans' burden to show that the selections were arbitrary or capricious.

Gowans thinks the district's conceded lack of criteria, standards, or policy for making specific selections for staff reductions renders the decision to termiante his position arbitrary and capricious on its face. He maintains that, in the absence of some objective criteria or policy, the school district would be free to terminate the position of *any* administrator, regardless of qualifications, simply by proving that staff reduction is necessary.

The issue is not squarely joined because the parties see the question differently. The board, when faced with necessary staff reductions, is understandably anxious to be spared the usual burden of showing "just cause" to justify its decision on what posi-

tions to terminate. Gowans is anxious to learn the basis for the board's decision in order to become satisfied that it was not based on some frivolous or improper ground. We agree with the district court's holding that the proper rule accommodates the concerns of both the board and Gowans.

█ In selecting positions for staff reductions a board need not justify its decision under the formal procedure, or grounds, that would ordinarily be required to discharge an administrator for "just cause" under Iowa Code section 279.24. *See Briggs,* 282 N.W.2d at 742–43 (Iowa 1979). On the other hand the board can be called upon to articulate some objective basis for its selections, such as ability, seniority, experience, or anything else that denotes its decision was not arbitrary.

II. Staff reduction has become a fact of life for many school districts. A number of cases have recognized this and state that "just cause" must include legitimate reasons relating to the district's personnel and budgetary requirements. *See, e.g., Smith v. Board of Education of Mediapolis School District,* 334 N.W.2d 150, 152 (Iowa 1983); *Briggs,* 282 N.W.2d at 742. Four cases provide examples where staff reduction was the sole reason a teacher was terminated. Because Gowans' position was terminated solely for financial reasons (it was not a "fault" termination), these four cases are important. All four involved teachers facing a staff reduction policy, based on objective criteria, directing the district's termination decision. In three of the four cases the school district followed its policy or criteria in selecting the positions for termination. All three decisions were affirmed on appeal. *Smith,* 334 N.W.2d 150; *Von Krog v. Board of Education of Beaman-Conrad-Liscomb,* 298 N.W.2d 339 (Iowa Ct. App.1980); *Hagarty v. Dysart-Geneseo Community School District,* 282 N.W.2d 92 (Iowa 1979). In the other case, however, the district did *not* comply with the staff reduction policy and its termination decision was reversed. *Ar-We-Va Community School District v. Long,* 292 N.W.2d 402 (Iowa 1980). As mentioned, there is no

showing here of a board policy or objective criteria for terminating administrators such as Gowans.

■ The board is an elective body free to exercise its own discretion in deciding which of the three positions to terminate. So long as the termination decision is based on some set policy or criteria it cannot be challenged in court, unless the policy or criteria are illegal or irrational. For example, the termination decision manifestly could not violate a fundamental right of the persons holding the positions considered for termination; selection could not be based on their race, religious preference, sex, or political persuasion. In *Briggs,* 282 N.W.2d at 743, we also excluded "some petty vendetta" as a justifiable basis of the decision.

■ The difficulty with the board's position is that it leaves unanswered the crucial question of whether its decision rested within the broad area of its discretion or within the narrow area of what might be prohibited. Without inquiring into that question the possibility would exist that the selection was made on the basis of some petty vendetta or in violation of some fundamental right. The trial court was right in so holding.

III. Gowans has cross-appealed from that part of the district court's order which remanded the case for further hearing. He contends he should have been ordered reinstated.

■ Reinstatement is the proper disposition when a board's termination decision has been reversed. *See Munger v. Jessup Community School District,* 325 N.W.2d 377, 381 (Iowa 1982) (findings of board in teacher termination case not supported by a preponderance of evidence; judgment of district court reversed and teacher reinstated); *Ar-We-Va Community School District,* 292 N.W.2d at 405 (contracts of teachers not validly terminated; judgment of trial court affirmed and teachers reinstated).

■ We conclude that Gowans' position in the cross-appeal is well taken and that he should have been ordered reinstated. The

judgment of the trial court is affirmed in part, reversed in part and remanded for entry of a judgment in accordance with this decision.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.