**In re Subpoena Duces Tecum and Subpoena of Keith GILLESPIE.**

No. 83–837.

Supreme Court of Iowa.

May 16, 1984.

Richard J. Barry of Greer, Nelson, Bertell, Montgomery, Barry & Bovee, Spencer, for appellant Harvey Burnham.

Donald A. Beneke, Pocahontas, for appellee Keith Gillespie.

James L. Sayre and Gerald L. Hammond of Sayre & Gribble, P.C., Des Moines, for amicus curiae Iowa State Education Association.

Edgar H. Bittle and Edward W. Remsburg of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for amicus curiae Iowa Association of School Boards, Inc.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

In this appeal involving a potential teacher termination, we are required to examine the apparent tensions between the Iowa Code section 279.16 subpoena power and the section 68A.7 exceptions to the Iowa Freedom of Information Act. We affirm in part, reverse in part, and remand with direction.

March 11, 1983, Rolfe Community School District served notice on biology teacher Harvey Burnham that it did not intend to renew his contract. He requested an Iowa

Code section 279.16 private hearing, which was then scheduled for March 30. March 27, pursuant to a statutory request from the teacher, Rolfe school board issued a subpoena commanding the superintendent to produce, among other papers, all evaluations of the teachers in the system made by the superintendent or the principal in the last three years, and the transcripts of all grades for three students scheduled to testify against Burnham.

The teacher sought the evaluations to permit the fact finder at the hearing to compare his performance with that of other teachers. He wanted the transcripts to show the students testifying against him were motivated by the low grades they had received in his class.

At the private hearing the superintendent refused to comply with the subpoena. His counsel relied on Iowa Code subsection 68A.7(11), shielding from disclosure under the Freedom of Information Act "[p]ersonal information in confidential personnel records of public bodies including ... school districts."

The school board, superintendent and teacher, through counsel, then agreed to invoke the procedures of section 279.16 to determine the subpoena issue. The hearing was recessed and the application for district court hearing was filed.

The hearing in district court was held April 25, 1983. Counsel for the teacher offered the transcript of the aborted private hearing, which was accepted into evidence by the court. This counsel then objected to any further testimony from the superintendent, contending the subpoena issue should be reviewed solely on the basis of the record made in the hearing before the school board. District court overruled this objection. It permitted the superintendent to testify about the contents, confidentiality and use of student transcripts and teacher evaluations, and to opine that neither had any bearing on Burnham's termination.

May 11, 1983, the court entered its ruling quashing the subpoena. It found the transcripts and evaluations to be confidential under Iowa Code subsection 68A.7(1) ("Personal information in records regarding a student, ... of the school corporation ... maintaining such records."), as well as subsection 68A.7(11).

In this appeal the teacher contends trial court erred (1) in permitting the superintendent to expand the record made before the board by providing additional grounds for refusing to obey the subpoena, and (2) in quashing the subpoena.

### I. *Additional Testimony in District Court.*

The teacher asserts the superintendent should have been required to make all of his record in the board hearing; that this was the proper construction of Iowa Code section 279.16, and that he was surprised when the superintendent was permitted to assign additional reasons in district court for his failure to comply with the subpoena. He contends this procedure violated that portion of section 279.16 that states, "Process and procedure under sections 279.13 to 279.19 shall be as summary as reasonably may be."

Resolution of this issue requires us to examine Iowa Code section 279.16 which provides in relevant part:

> The board shall cause subpoenas to be issued for such witnesses and the production of such books and papers as either the board or the teacher may designate. The subpoenas shall be signed by the presiding officer of the board.
>
> In case a witness is duly subpoenaed and refuses to attend, or in case a witness appears and refuses to testify or to produce required books or papers, the board shall, in writing, report such refusal to the district court of the county in which the administrative office of the school district is located, and the court shall proceed with the person or witness as though the refusal had occurred in a proceeding legally pending before the court.

We are not aided by a legislative history, for the entire section dealing with termination hearings was adopted as a floor

amendment. *See* S.F. 205, 66th G.A., 2d Sess. (Iowa 1976). Nor does *Smith v. Board of Education*, 334 N.W.2d 150, 153–54 (Iowa 1983), provide guidance. We there held the teacher had waived her right to have access to allegedly confidential files because she had failed to invoke the section 279.16 procedure to enforce the subpoena.

■ Ordinarily it is required that all objections and issues be raised at an initial proceeding in order to provide the presiding decision maker with as much information as possible upon which to base his or her decision, and to focus and narrow the issues for appellate consideration. Under section 279.16, however, the board apparently has no discretion in issuing the subpoena, and no power to make an initial decision to enforce it. The enforcement proceeding in district court is not a review of the action of any other decision maker. Thus the ordinary considerations for requiring a complete record in the prior proceeding are absent here.

These situations generally will involve a person who refuses to testify or produce documents, with a potential incarceration lurking in the wings. The first refusal to obey the subpoena usually will occur before presiding lay persons lacking the legal knowledge to probe the motives of the subpoenaed witness, or to properly warn him or her of the consequences. In these circumstances, reason and due process may dictate additional record in the district court. We are not convinced the section 279.16 admonition that the process and procedure "shall be as summary as reasonably may be" should tie the hands of a careful court in dealing with a balky witness.

We hold trial court was right in permitting the superintendent to amplify his reasons for refusing to produce the controverted documents.

II. *Access to Teacher Evaluations and Student Grade Transcripts.*

■ On the crucial issue of gaining access to evaluations and transcripts, the superintendent took the position that Iowa Code section 68A.7 prohibited him from producing them.[1] This was the rationale adopted by district court, which further applied the public interest—private interest balancing test referred to in *City of Dubuque v. Telegraph Herald, Inc.*, 297 N.W.2d 523, 527 (Iowa 1980).

We believe the rationale advanced by the superintendent and adopted by the court proceeded from the wrong premise, and thus invoked an inapplicable rule of law.

This is not a proceeding in which the teacher asserts, as a member of the general public, an Iowa Code chapter 68A right of access to public records. An assertion of that right may meet resistance based on a section 68A.7 exception. This is a situation in which a teacher with his own employment at risk has asserted his statutory right to have the board issue a subpoena "for ... the production of such ... papers as ... the teacher may designate." The right is invoked in a section 279.16 private hearing where "[t]he record ... findings of fact and exceptions shall be exempt from the provisions of chapter 68A." Iowa Code § 279.16 (1983).

In *Iowa Civil Rights Commission v. City of Des Moines*, 313 N.W.2d 491 (Iowa 1981), the city challenged the authority of the commission to subpoena personnel and medical records of city employees. The city contended the records at issue were confidential under chapter 68A. We there wrote:

We do not believe the legislature intended section 68A.7 to be applicable to administrative subpoenas.... The exemptions are ... applicable only within the framework of "every citizen's" *gen-*

---

1. There is some indication in the record that secrecy initially may have been posited on the theory the school's receipt of federal aid invoked secrecy under the Family Educational Privacy Rights Act. That statute, however, allows school districts to release student records

pursuant to "judicial order, or ... any lawfully issued subpoena" provided that the parents and students are notified in advance of compliance therewith. 20 U.S.C. 1232g(b)(2)(B) (1982); *see Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y.1977).

*eral* right to examine public records under chapter 68A. In this case the Commission did not seek inspection as a "citizen" under chapter 68A; it sought inspection pursuant to its investigative powers granted by chapter 601A and the subpoena power granted to administrative agencies by section 17A.13(1). *Id.* at 495 (emphasis in original). We followed this analysis in *Brown v. Johnston,* 328 N.W.2d 510, 511 (Iowa), *cert. denied,* — U.S. ——, 103 S.Ct. 3540, 77 L.Ed.2d 1390 (1983), and noted it approvingly in *Head v. Colloton,* 331 N.W.2d 870, 875 (Iowa 1983). Federal courts have applied the same rationale when the custodian of public records has sought to invoke similar exceptions in the federal Freedom of Information Act (FOIA). *McClelland v. Andrus,* 606 F.2d 1278, 1285 (D.C.Cir.1979); *Association for Women in Science v. Califano,* 566 F.2d 339, 342–43 (D.C.Cir.1977).

The public interest—private interest balancing test referred to in *Telegraph Herald,* 297 N.W.2d at 527, is not invoked in factual circumstances like those before us, but is applied in FOIA and Iowa Code chapter 68A cases where the access right is claimed under the provisions of the act. In *Telegraph Herald* the newspaper posited its right to secure the information on chapter 68A. We thus applied the balancing equation to determine whether the subsection 68A.7(11) exception (for personal information in confidential personnel records) applied to the specific information requested.

We hold trial court resorted to an inapplicable rule of law in applying section 68A.7 exceptions to the teacher's right to subpoena the controverted papers, and in applying the balancing equation to quash the subpoena. We further hold that the teacher is entitled to the evaluations and transcripts described in the subpoena.

■ This does not mean, however, that the court upon remand is without power to protect teachers and students from unnecessary injury or damage. In *Iowa Civil Rights Commission,* 313 N.W.2d at 496, we recognized trial court's authority under Iowa Rule of Civil Procedure 123 to issue a protective order to shelter certain rights of the persons whose medical records were sought. In the case before us, trial court's *in camera* inspection of the subpoenaed papers, on proper motion, may result in the exclusion of material that is not only embarrassing but irrelevant to the issues before the board.

We have considered all of the arguments advanced by the superintendent in this appeal, even though they are not discussed in this opinion, and find them without merit. We affirm in part, reverse in part, and remand for further proceedings before the district court in conformance with this opinion. Costs are taxed one-half to the appellee superintendent and one-half to the appellant teacher.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTION.