Elaine **MACKEY**, Plaintiff–Appellant,

v.

**NEWELL–PROVIDENCE COMMUNITY SCHOOL DISTRICT and the Board of Directors of the Newell–Providence Community School District, Defendants–Appellees.**

No. 91–0376.

Court of Appeals of Iowa.

Jan. 29, 1992.

James L. Sayre of Sayre & Gribble, P.C., Des Moines, for plaintiff-appellant.

James W. Gailey, Newell, for defendants-appellees.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Plaintiff-appellant Elaine Mackey's teaching contract with defendant-appellee Newell–Providence Community School District was terminated by the school board because of an anticipated decrease in enrollment in the district. The board's decision was affirmed by an adjudicator and the district court. Plaintiff appeals, contending (1) the decision of the board violated board rule, policy and contract, and (2) the decision was not supported by the preponderance of competent evidence. We affirm.

Plaintiff was a tenured teacher in the Newell–Providence Community School District. She had a contract for the 1989–90 school year. Plaintiff taught one of two first grade classes. On March 2, 1990, the superintendent of the district notified plaintiff in writing he was recommending the board terminate plaintiff's teaching contract because "(1) elementary enrollment declines had made it uncertain whether two sections of first graders were needed for the upcoming year, and (2) fiscal prudence and the need to maintain an economical school operation." According to the notice, if enrollments were sufficient for two first grade classes, plaintiff would be recalled. The notice also stated, "As of this date, no voluntary elementary instructor resignations have been received, so the elementary staff has not been reduced by attrition. Thus, teacher performance, as determined by administrator evaluation, was the determining factor used in the decision to recommend termination of your contract."

Plaintiff requested a hearing. A hearing was held on March 27, 1990. The board terminated plaintiff's contract. Plaintiff appealed the board's decision to an adjudicator. The adjudicator affirmed the decision of the board. Plaintiff filed a petition for judicial review, and the trial court affirmed the board and the adjudicator.

Plaintiff had been employed by the school district for twenty-seven years and was a nonprobationary teacher. The validity of her contract termination is governed by Iowa Code sections 279.15–279.18. *Fay v. Board of Directors of North–Linn Community Sch. Dist.*, 298 N.W.2d 345, 347 (Iowa App.1980). Our scope of review is at law for correction of errors upon one or more of the seven grounds set forth in section 279.18. *Smith v. Board of Educ. of Mediapolis Sch. Dist.*, 334 N.W.2d 150, 151 (Iowa 1983). The burden of proof is on the district. *See Board of Educ. of Fort Madison Community Sch. Dist. v. Youel*, 282 N.W.2d 677, 690 (Iowa 1979).

Termination for declining enrollment was governed by the collective bargaining agreement between the teachers and the

district. The agreement provided in applicable part:

> The Board of Education and Administration will continuously study enrollment trends and budget as they relate to specific programs and educational levels. Before the Board of Education reduces size of the staff, careful analysis of the educational program will be made to insure the maintaining of a quality educational program. Every attempt to reduce the staff by attrition will be made. Teacher performance is the most important criterion, because the goals of the administration and Board of Education should be to provide the best education possible for students. The Administration and Board of Education are the sole determiners of this teacher performance level through their evaluations and recommendations. If, however, a choice must be made between two or more teachers of equal skill, ability, competence and qualifications to do available work, consideration will be given to the teachers with greater continuous length of service in the district.

■ Our review is "limited to the specific reasons stated in the superintendent's notice of recommendation of termination." Iowa Code § 279.16 (1989); *Smith v. Board of Educ. of Fort Madison Community Sch. Dist.*, 293 N.W.2d 221, 225–26 (Iowa 1980). When the record is considered as a whole, the proof must show by a preponderance of the evidence that there is just cause for termination on the basis of the reasons stated. *Youel*, 282 N.W.2d at 682.

■ Plaintiff contends the board failed to comply with its own policies and the provisions of the collective bargaining agreement. The plaintiff first contends the board did not properly determine the enrollment for the next school year. The superintendent who had surveyed the district enrollment since the 1985–86 school year made enrollment projections and reviewed past enrollment trends. We agree with the adjudicator and the district court that the board properly determined enrollment for the next school year.

Additionally, if the projections were low and an additional teacher was needed, plaintiff would be recalled.

■ Plaintiff's second contention is the collective bargaining agreement provided she was to be notified by February 1, of her termination. Plaintiff contends this contractual provision was jurisdictional. She relies on *Wollenzien v. Board of Educ. of Manson*, 297 N.W.2d 215 (Iowa 1980), where the Iowa court interpreted the ten-day requirement of section 279.17 as jurisdictional. This issue was not raised before the board. There is a disagreement over whether plaintiff was first notified before February 1. We are not able from this record to determine if she did or did not receive a first notice before February 1. It is clear, however, plaintiff was notified on March 2, 1990. Therefore, the jurisdictional requirements of section 279.15 (1989) were met. There is no basis on which to find the contractual provisions were jurisdictional.

■ Plaintiff's third contention is the board did not have the evidence to make a comparative evaluation. The superintendent made an evaluation and determined plaintiff was the least effective teacher. The superintendent used evaluations of all concerned teachers for the 1989–90 school year. The board also heard from three parents of plaintiff's students or former students. These parents testified to their concerns about plaintiff's teaching methods and classroom discipline.

Plaintiff argues the evidence is not sufficient and the consideration of parental complaints violates the provision of the collective bargaining agreement establishing the administration and the board as the sole determiners. A discharge of a teacher because of declining enrollment does not require evidence of a teacher's fault. *See In re Waterloo Community Sch. Dist.*, 338 N.W.2d 153, 155 (Iowa 1983); *Smith v. Board of Educ. of Mediapolis Sch. Dist.*, 334 N.W.2d 150, 152 (Iowa 1983); *Briggs v. Board of Directors of Hinton Community Sch. Dist.*, 282 N.W.2d 740, 742 (Iowa 1979); *Board of Educ. of Fort Madison*

*Community Sch. Dist. v. Youel,* 282 N.W.2d 677, 680 (Iowa 1979). The board is an elective body free to exercise its own discretion in deciding who to terminate under a staff reduction, *Waterloo,* 338 N.W.2d at 156, and, as long as the decision is based on a set policy, it cannot be challenged in court unless the policy is not legal or is irrational. *See id.* We give weight to the findings of the board. *Smith,* 334 N.W.2d at 153; *see also* Iowa Code § 279.18. The ultimate decision was made by the administrator and the board. We find no valid reason to disturb their decisions.

 Plaintiff contends it was error for the board and superintendent to consider comments of parents in making a competency evaluation because the collective bargaining agreement provided the decision should be made by the administrator. The decision was made by the administrator. The recommendation of the teacher or teachers to be terminated cannot be mathematically or scientifically determined and should be based on an administrator's judgment. *See Smith,* 334 N.W.2d at 152. We will honor the superintendent's recommendation unless there is evidence it was an arbitrary judgment. *Id.* Obviously, an administrator will look to a series of criteria in evaluating a teacher's performance. The primary charge of Iowa public school systems is to provide the best available education for students who attend public school. The collective bargaining agreement the plaintiff was a part of subscribes to this philosophy. Students are the consumers of educational services. Parents of students are generally concerned about their children's education and are in a prime position to observe their children's reaction to the educational process. An administrator or a school board cannot make an informed valuation in a vacuum. Evaluations understandably are made not only by classroom observations but also by knowledge of students' learning. An administrator is justified in considering parent and student input in making his or her evaluation of a teacher. That is what was done here. We find no error.

AFFIRMED.