**STATE of Iowa, Appellee,**

v.

**Kathleen R. DEAN, Appellant.**

No. 83–1637.

Supreme Court of Iowa.

Nov. 14, 1984.

Charles L. Harrington, Appellate Defender, Lu Ann White, and Fern S. Shupeck, Asst. Appellate Defenders, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Steven K. Hansen, Asst. Atty. Gen., and Patrick C. McCormick, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

Defendant Kathleen R. Dean appeals her conviction and sentence for burglary in the second degree and possession of burglary tools in violation of Iowa Code sections 713.1, 713.3, and 713.4 (1981). She argues that the parking meter she allegedly burglarized was not a "place where anything of value is kept" within the meaning of section 713.1. In the alternative, she argues that, if *State v. Newman*, 313 N.W.2d 484 (Iowa 1981) is deemed controlling, it should be overruled. (*Newman* held a coin changing machine could be the subject of burglary under that section.) Finally, because parking meters cannot be burglarized, she argues, possession of tools designed to open them cannot be "burglary tools." We affirm the convictions.

The matter was tried to the court. The State's evidence showed that a police officer had observed defendant using a homemade key to open the meter. When apprehended, defendant was in possession of $4.00 worth of dimes and $17.50 in nickles. The trial court overruled defendant's motion for acquittal and subsequently found her guilty on both counts.

Iowa Code section 713.1 (1981) defined the act of burglary as follows:

Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, *or any person having such intent who breaks an occupied structure or other place where anything of value is kept, commits burglary.*

(Emphasis added.)

■ This court has noted that section 713.1 defines three alternative means of committing burglary.

[These alternative means] have two elements in common. The common elements are the requisite intent and the absence of authority. The requisite intent is "the intent to commit a felony, assault or theft [in the place involved]." *Id.* The requisite absence of authority is "no right, license, or privilege" to do the act involved. *Id.* When those elements exist, a person is guilty of burglary who (1) "enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public," or (2) "who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired," or (3) "who breaks an occupied structure or other place where anything of value is kept...." *Id.*

*Newman*, 313 N.W.2d at 486 (quoting *State v. Sangster*, 299 N.W.2d 661, 662–63 (Iowa 1980)). In the present case, the State sought to establish guilt under the third alternative definition of the offense, breaking a "place where anything of value is kept."

In *Newman*, 313 N.W.2d at 486, we held that a coin changing machine constituted an "area enclosed in such manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief." Defendant attempts to distinguish *Newman* on the ground that, in that case, we found a coin changer was an "area enclosed," under the first alternative, as opposed to a "place," under the third alternative of the statute. A reading of the statute shows that *Newman* is indistinguishable:

Any person ... who ... enters an *occupied structure* or *area enclosed* ...,

*such occupied structure or place* not being open to the public ... *or* any person having such intent who *breaks an occupied structure or other place* ... commits burglary.

(Emphasis added.) Clearly, the term "place" located in the breaking alternative of section 713.1 refers back to "an area enclosed in such a manner as to provide a place for the keeping of valuable property," under that section.

The defendant supports her argument by pointing to recent legislative changes in the burglary statutes. After our *Newman* decision, and after the date of this offense, section 713.1 was amended by striking the language which had brought under the coverage of the burglary statute an "area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief" and "[any] other place where anything of value is kept." It also amended section 702.12 (defining "occupied structure") to add the following:

[F]or purposes of chapter 713, a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy it is not an "occupied structure".

1984 Iowa Legis.Serv. No. 5, at 20 (West). Because these amendments came after the date of this offense, they are, of course, not directly applicable. The defendant contends, however, that these amendments support her interpretation of the original statute because they clarified and interpreted the burglary statutes to show they were never intended to apply to such objects as parking meters. The State counters that the amendments were not mere clarifications or interpretations of the prior law but in fact changed it.

■ When a legislature amends an act, it is presumed that it intended to change it. *Matter of Estate of Graham*, 295 N.W.2d 414, 417 (Iowa 1980); 1A A. Sutherland,

*Statutes and Statutory Construction* § 22.30, at 178–79 (C. Sands ed. 1972).

Not only is this presumption of change used in construing the provisions of the amendatory act, but it is frequently resorted to in litigation arising after the amendment to determine rights accrued under the original act. Thus, it is presumed that the provisions added by amendment were not included in the original act. But the time and circumstances surrounding the enactment of the amendment may indicate that the change wrought by the amendment was formal only—that the legislature intended merely to interpret the original act. If such is the case, the matter in the amendatory act may be looked to in order to determine what rights existed under the original act.

*Id.* at 179 (footnotes omitted).

■ There is no explanation accompanying the amendments to section 713.1, or in its legislative history, which overcomes the presumption that the change was substantive. To the contrary, removal from section 713.1 of "area[s] enclosed" and "other place[s] where anything of value is kept" significantly narrowed the statute's scope. Section 713.1 now includes only "occupied structures." Apparently to ensure that interpretation, the legislature also changed the definition of "occupied structure" under section 702.12 to exclude an object or device "too small or not designed to allow a person to physically enter or occupy it." 1984 Iowa Legis.Serv. No. 5, at 20 (West). These changes are substantive, not merely formal or interpretive, and we do not consider them in construing section 713.1 in its prior form. We conclude that *Newman* controls here, and we decline the defendant's invitation to overrule it.

■ Defendant also argues that the penal nature of this statute requires strict construction with resolution of doubt in favor of the accused. While it is true that penal statutes should be strictly construed, *State v. Burtlow*, 299 N.W.2d 665, 669 (Iowa 1980), we have also held "the rule of

strict construction is not to be used to inject doubt when legislative intent is evident through a reasonable construction of the statute." *Newman*, 313 N.W.2d at 486; *accord State v. Lindsey*, 165 N.W.2d 807, 810 (Iowa 1969). *See also* Iowa Code § 4.1(2) (1983) (when statute contains no technical terms or terms with particular legal meaning, its language must be construed "according to the context and the approved usage of the language").

■ Finally, defendant argues that the legislative histories of the burglary and theft statutes preclude application of the burglary statute to the case at bar. Prior to the revision of the criminal code, Iowa Code section 709.25 (1977), provided for the offense of larceny from a parking meter.[1] Defendant maintains that since the larceny statute has essentially been incorporated into the theft statute, 4 J. Yeager and R. Carlson, *Criminal Law and Procedure*, § 312, at 79 (1979), an offense regarding a "theft" from a parking meter should also be included in the theft statute. We disagree. As this court held in *Newman*, the new burglary statute is substantially broader than common-law burglary. 313 N.W.2d at 486. Furthermore, opening or attempting to open a locked area are traditional elements of burglary, not of theft. We conclude that parking meters were covered by the version of section 713.1 in effect at the time of this offense.

This construction of the statute accords with at least one authority which has observed that "[i]t seems obvious that breaking into any coin operated machine to steal either money or merchandise would be burglary under the logic of the *Newman* case." Yeager & Carlson, *supra*, 1984 Supp. at 36.

We find no basis for reversal.

AFFIRMED.

1. Iowa Code section 709.25 (1977) provided:
   Larceny from parking meter. If any person opens, steals, takes and carries away, or attempts to open, steal, take and carry away money, regardless of the value or amount thereof, from a parking meter erected and maintained by a city, he shall be guilty of larceny from a parking meter ....