James MARTIN, Appellant,

v.

WATERLOO COMMUNITY SCHOOL DISTRICT, Appellee.

No. 93–772.

Supreme Court of Iowa.

June 22, 1994.

Rehearing Denied July 25, 1994.

C.A. Frerichs and Thomas P. Frerichs of Fulton, Frerichs, Martin & Andres, Waterloo, for appellant.

Stephen J. Powell and Samuel C. Anderson of Swisher & Cohrt, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

LAVORATO, Justice.

James Martin appeals from an adverse declaratory judgment decision. In that decision the district court concluded that nonrenewal of a nonprobationary school administrator's contract is not the same thing as termination of the administrator's contract under Iowa Code section 279.24 (1991). This holding meant that the Waterloo Community School District—Martin's employer—could lawfully refuse to renew Martin's contract without complying with several statutory procedures in section 279.24. Because we think the district court correctly interpreted section 279.24, we affirm.

Martin is certified as a school administrator. The district employed Martin sometime in the 1980s.

In September 1990 Martin entered into a written contract with the district for a twelve-month period beginning August 1, 1990, and ending July 31, 1991. The contract stated it was in accord with Iowa Code sections 279.23 and 279.24. A clause provided that in no event would the contract be automatically continued in force and effect beyond the school year of Martin's seventieth birthday.

On September 5, 1991, Martin and his lawyer met with district representatives to discuss his future employment with the district. A letter of that date from district superintendent James L. Kimmet to Martin memorializes what was discussed. In that letter Kimmet gave Martin notice that the district would continue to employ Martin through July 31, 1992. He would, however, be unassigned and considered to be on paid leave status. He would not be issued a contract.

Martin replied to Kimmet's letter in March 1992—almost seven months later—by asking for an administrative hearing. A week later the district wrote Martin telling him that no administrative procedures were available because it was simply not renewing his contract after its expiration by operation of law under section 279.24. In closing, the district offered Martin informal dispute resolution procedures, including a private conference with the school board.

Martin did not accept the district's offer. Instead, he brought this declaratory judgment action. In it, he sought a ruling that the district had to comply with several termination procedures contained in section 279.24 before it could end Martin's employment.

The district court heard the matter on stipulated facts and ruled in favor of the district.

The parties agree that this case turns on the interpretation of Iowa Code section 279.24 in effect in 1991. At that time section 279.24 pertinently provided that

> [a]n administrator's contract shall remain in force and effect for the period stated in the contract. *The contract shall be automatically continued in force and effect for one year beyond the end of its term,* except as modified or terminated by mutual agreement of the board of directors and the administrator, or *until terminated as hereinafter provided.*

(Emphasis added.)

Martin contends that the language "until terminated as hereinafter provided" modifies the earlier language "[t]he contract shall be automatically continued in force and effect for one year beyond the end of its term." If true, this would mean that an administrator's contract would roll over from year to year and automatically renew for one-year periods. It would also mean that the one-year renewals would continue until terminated by (1) mutual consent or (2) compliance with the termination procedures in section 279.24. The termination procedures in section 279.24 include (1) a majority vote of the district's board to terminate the contract, (2) notice to the administrator of the specific reasons why the administrator's contract of employment should be terminated for good cause, and (3) a hearing for the administrator on the issue of good cause.

We apply rules of statutory construction only if a statute is unclear. So, if a statute is clear, we do not search for its meaning beyond the statute's expressed language. And we give words in a statute their ordinary meaning if there is no legislative definition or no particular and appropriate meaning in law. *Asbestos Training Ctr., Ltd. v. Eastern Iowa Community College,* 463 N.W.2d 56, 58 (Iowa 1990) (citations omitted).

We agree with the district court that the cited language in section 279.24 is clear and means the following. Iowa Code chapter 279 requires that school boards and school administrators enter into written contracts of employment for a specific term. *See* Iowa Code § 279.23. Section 279.24 makes it clear that if the end of the contract is reached without a new contract, the existing contract is automatically renewed for one year. The contract expires automatically at the end of the one-year renewal period unless the parties have otherwise renewed it. The termination procedures in section 279.-24—majority board vote to terminate the contract, notice, and hearing—apply only if the board unilaterally terminates the contract during its stated term or the statutory one-year renewal period. *See* Iowa Code §§ 279.24, 279.25 (giving school boards authority to discharge administrators during contract period for just cause). In short, if the employment contract runs its course and thus expires according to its stated term and statutory one-year renewal period, no termination occurs. The board has only decided not to renew the contract. For this reason the mandatory termination procedures in section 279.24 do not apply.

This is what happened to Martin. The district gave Martin the full one-year term of employment, plus the automatic one-year renewal. The district did not offer Martin a new contract at the end of the statutory one-year renewal period. Martin's contract was simply not renewed; it was not terminated. So, contrary to Martin's contention, the mandatory termination procedures in section 279.24 do not apply.

Apparently, the legislature had the same view of section 279.24 as we do because it amended the section to do exactly what Martin is now contending. The amended version reads this way:

> The contract shall be automatically continued in force and effect *for additional one-year periods beyond the end of its original term,* except and until the contract is modified or terminated by mutual agreement of the board of directors and the administrator, or until terminated as provided by this section.

1993 Iowa Acts ch. 32, § 3. (This amendment does not apply to this case because it was enacted after Martin's contract had expired.)

The substitution of the italicized words in the amendment "for additional one-year periods beyond the end of its original term" in place of the phrase "for one year beyond the end of its term" in the original statute materially changes the meaning of section 279.24. Under the amended version, at the end of the stated term, the contract is automatically renewed for one-year periods until (1) the parties mutually terminate the contract or (2) the termination procedures in section 279.24 are followed.

We reject Martin's contention that this amendment was meant merely to clarify the law and remove any doubt as to its meaning. Rather, we think the legislature interpreted section 279.24 the way we have and, so, meant to change its meaning. When the legislature amends a statute, the presumption is that it intended to change its meaning. *State v. Dean,* 357 N.W.2d 307, 309 (Iowa 1984). This presumption can be overcome by legislative history or by explanation accompanying the amendment. *Id.* Here there is no such legislative history or explanation accompanying the amendment to overcome this presumption.

Because we interpret section 279.24 the same way the district court did, we affirm its decision.

**AFFIRMED.**