Mr. Jesse B. Daggett Attorney at Law Daggett, Donovan, Perry Flowers, PLLC 12 South Poplar Street P.O. Box 389 Marianna, Arkansas 72360
Dear Mr. Daggett:
I am writing in response to your request, presumably made under A.C.A. §25-19-105(c)(3)(B),[1] for an opinion on whether the evaluations of the Marianna School Superintendent made by the Marianna School Board are open to inspection and copying under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101—109 (as amended by Act 1653 of 2001). You state that the "Superintendent was non-renewed at the end of her contract and a member of the public has requested those forms." You also state that "the Act is unclear as to whether personal evaluation forms should be released and the Board's response to the individual was to release those documents to him provided the Superintendent gave her written consent." You also state that to date, no such consent has been given. You now seek my opinion as to the public nature of the documents.
RESPONSE
It is my opinion that the evaluation records are properly classified as "employee evaluation or job performance records" for purposes of the FOIA. A threshold requirement for release of such records is a suspension or termination of the employee in question. In my opinion, if the superintendent was simply non-renewed at the end of her contract term and not released or otherwise separated from employment during the term of the contract, no "termination" has occurred and her evaluation records are not subject to inspection and copying under the FOIA.
As I recently stated in Op. Att'y. Gen. 2001-106:
 The relevant statutory subsections are A.C.A. §§ 25-19-105(b)(12) and (c)(1) as amended by Act 1653 of 2001, which provide as follows:
 "(b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (12) Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy;
* * *
 (c)(1) Notwithstanding subdivision (b)(12), all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in disclosure."
 These subsections describe two different kinds of records: 1) personnel records, and 2) employee evaluation or job performance records. Clearly, the annual evaluation of a school superintendent is an employee evaluation record and is subject to the distinct test set out at A.C.A. § 25-19-105(c)(1) above. Such records are not subject to inspection and copying under the FOIA unless there has been a final suspension or termination of the public officer or employee. See Op. Att'y Gen. 97-189 and 97-154. See also Op. Att'y Gen. 88-078 (employee evaluation or job performance records of school superintendent only disclosable after suspension or termination and fulfillment of other criteria). Suspension or termination is a threshold requirement for the release of employee evaluation or job performance records. Ops. Att'y Gen. 97-189 and 97-154. Only if such a suspension or termination has occurred do the other factors for release of such records become relevant. If there has been a suspension or termination, the suspension or termination must be final in the sense that all administrative avenues of appeal have been exhausted, the records must have formed a basis for the suspension or termination and there must be a "compelling public interest in disclosure" before the records are open to inspection and copying. Each of the above criteria must be met prior to the release of employee evaluation or job performance records.
The pertinent issue for purposes of answering your question is whether the superintendent, by virtue of non-renewal of her contract, has suffered a "termination" such that the threshold requirement for release of evaluation records has been met. I have not found any helpful Arkansas case law or Attorney General opinion on this question. It is generally held, however, in analogous contexts, that "non-renewal" and "termination" are distinct concepts. See Stalnaker v. M.L.D.,939 P.2d 407, at fn. 9 (Alaska 1997) (concluding, in face of an argument that non-renewal of police chief's contract constituted "termination" of his employment, that "termination" refers to an ending, usually before the end of the anticipated term of the contract, citing Black's LawDictionary); Baldwin v. Board of Education, Unified School District No.418, 23 Kan. App.2d 280, 930 P.2d 18 (1996) (the distinction between a "termination" and a "nonrenewal" is that the former applies where a teacher's employment is ended prior to the completion of the contract term during the school year, and the latter applies where the teacher's employment is ended at the conclusion of the school year when the contract expires); Martin v. Waterloo Community School District,518 N.W.2d 381 (Iowa 1994) (if the employment contract runs its course and thus expires according to its stated term and statutory one-year renewal period, no termination occurs; the contract was simply not renewed, it was not terminated); and Brown v. Independent School District I-106 ofMcCurtain County, 974 F.2d 1237 (10 Cir. 1992), cert. denied,507 U.S. 919 (1992) (failure to renew school district secretaries contracts is not the equivalent of an affirmative act of termination and word "termination" requires termination under an extant contract). Cf. alsoEdward A. Sherman Publishing Company v. Carpender, 659 A.2d 1117 (R.I. 1995) (Access to Public Records Act did not require release of names of teachers who received notification of non-renewal, because their "date of termination," which is available to public under the Act, did not occur until the layoffs became final at the end of the school year).
Construing the term "termination" in A.C.A. § 25-19-105 (c)(1) as excluding mere non-renewal of a contract, in my opinion also furthers the purposes of the exemption. It has been stated that:
 The exemption for evaluation records reflects the public interest in maintaining an effective public employee evaluation system as well as the privacy interest of employees. Without an exemption for such records, supervisory personnel who perform the evaluations may not be candid in assessing employee performance. Also, routine disclosure of the records could undermine one important objective of the evaluation process — identification of weaknesses with an eye toward fostering improvement — by revealing an employee's deficiencies before he has an opportunity to correct them. . . . These requirements are designed to ensure that evaluation records are not released prematurely and that disclosure will be made only when the records are relevant to employee performance deficient enough to merit suspension or termination.
Op. Att'y Gen. 97-020 at 2 citing Watkins, The Arkansas Freedom ofInformation Act (mm Press, 2d Ed. 1994), at 131, 133 (emphasis added).See also, Op. Att'y Gen. 2000-257.
In my opinion, the mere non-renewal of a contract is not within the reason for the disclosure of evaluation records. Such records can become public where the employee's conduct is deficient enough to merit suspension or termination (and the other criteria are met). The act recognizes suspension or termination as a trigger for the public's interest. If the infraction or job performance that gave rise to the Board's decision to non-renew was not serious enough to warrant immediate termination of the extant contract, (or at least a suspension thereof) it does not appear that the reason for the rule applies. In my opinion, therefore, mere non-renewal of a contract at the expiration of its term is not tantamount to a "termination" for purposes of A.C.A. § 25-19-105
(c)(1).
In my opinion, in light of the discussion above, the evaluation records of the superintendent in question are not subject to inspection and copying under the FOIA.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] I assume that you are counsel for the Marianna School Board, the custodian of the records and therefore an authorized requester of my opinion under A.C.A. § 25-19-105(c)(3)(B).