# IN THE SUPREME COURT OF IOWA

No. 07–0729

Filed February 6, 2009

**CYNTHIA MARTINEK,**

Appellee,

vs.

**BELMOND-KLEMME COMMUNITY
SCHOOL DISTRICT,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Wright County, Paul W. Riffel, Judge.

A school district seeks further review of a court of appeals decision affirming the judgment of the district court reversing the school district's decision to terminate an administrator's contract. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT DECISION AFFIRMED.**

Brian L. Gruhn of Gruhn Law Firm, Cedar Rapids, for appellant.

Charles Gribble of Parrish, Kruidenier, Dunn, Boles, Gribble, Cook, Parrish, Gentry, & Fisher, L.L.P., Des Moines, for appellee.

**WIGGINS, Justice.**

A school district seeks further review of a court of appeals decision affirming the judgment of the district court reversing the school district's decision to terminate an administrator's contract. We affirm the judgment of the district court because neither Iowa Code section 279.24 (2005) nor the contract between the district and the administrator authorize termination in the middle of the contract term. Although the court of appeals also affirmed the district court, we vacate the court of appeals' decision because it affirmed the district court on the basis of a statute not relied upon by the school district when it attempted to terminate the administrator.

### I. Background Facts and Proceedings.

In 1993 Dr. Cynthia Martinek took a job as an elementary school principal at Belmond-Klemme. The previous superintendent created Martinek's most current contract, which the parties entered into on July 21, 2005. This contract stated that Martinek would serve as the elementary school principal "for a two (2) year period commencing with the 2005–2006 school year, consisting of ten and one-half calendar months (220 days), commencing July 26, 2005 for the 2005–2006 school year."

In May 2006 before the end of the first year of the contract, the school district notified Martinek that it was considering termination of her contract "effective at the end of the current school year." They listed four reasons for termination: (1) declining enrollment, (2) budgetary restrictions and problems, (3) reduction of position(s), and (4) realignment of school organization.

Increasingly, the Belmond-Klemme school district faced serious financial difficulties due to considerable enrollment decreases. Within a

six-year span, the school district lost roughly 200 students. Belmond-Klemme received less money from the state due to the low enrollment. The superintendent, who had only been with the district since August of 2005, sought to cut $500,000 from the school's budget. That superintendent also recommended Martinek's termination, intending to fill the role himself. He planned to serve dual roles as superintendent and as the elementary school principal.

Martinek contested her proposed termination and a hearing was held before an administrative law judge. The administrative law judge rendered a proposed decision that Martinek should not be dismissed.

The school district voted to review the administrative law judge's proposed decision, and it held a private hearing. On July 27, 2006, the district decided to terminate Martinek's contract under Iowa Code section 279.24. A majority of the school board concluded there was a preponderance of evidence to support termination, and terminated the contract effective June 30, 2006.

After receiving notice of her termination, Martinek appealed the school district's decision to the district court. The district court disagreed with the school district's decision. The court found the district did not have statutory or contractual grounds to terminate Martinek's contract. The school district appealed. We transferred the case to the court of appeals. The court of appeals affirmed the decision of the district court. The school district petitioned for further review, which we granted.

**II. Issues.**

The school district raises two issues on appeal: first, whether the district had the authority to terminate Martinek's contract under Iowa

Code section 279.24; and second, whether the terms of her contract allowed for her dismissal.

### III. Scope of Review.

The Iowa Code provides specific guidelines to follow when reviewing a school board's decision to terminate an administrator's contract. The Code states:

> The court may affirm the school board's action. The court shall reverse, modify, or grant any other appropriate relief from the school board's action, equitable or legal, and including declaratory relief, if substantial rights of the administrator have been prejudiced because the school board's action is any of the following:
>
> *a.* In violation of constitutional or statutory provisions.
>
> *b.* In excess of the statutory authority of the school board.
>
> *c.* In violation of school board policy or rule.
>
> *d.* Made upon unlawful procedure.
>
> *e.* Affected by other error of law.
>
> *f.* Unsupported by a preponderance of the evidence in the record made before the school board when that record is reviewed as a whole.
>
> *g.* Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

Iowa Code § 279.24(6).

To decide this case, we must determine whether section 279.24 gives the school district authority to terminate Martinek's contract when it did. Therefore, we must construe section 279.24. Our review of questions of statutory construction is for correction of errors at law. *Estate of Ryan v. Heritage Trails Assocs., Inc.*, 745 N.W.2d 724, 728 (Iowa 2008).

**IV. Analysis.**

**A. Statutory Issue.** When confronted with the task of statutory construction, we must determine legislative intent. *Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004). Legislative intent is determined from the words chosen by the legislature, not by what it should or might have said. *State v. Dohlman*, 725 N.W.2d 428, 431 (Iowa 2006). When the legislature fails to include a statutory definition of a word or there is not an established meaning in the law of a word, words in the statute are given their ordinary and common meaning by considering the context within which they are used. *Auen*, 679 N.W.2d at 590. We may not extend, enlarge, or otherwise change the meaning of a statute under the guise of construction. *Id.*

The relevant Code provisions of section 279.24, the statute upon which the school district relied, provide:

> An administrator's contract shall remain in force and effect for the period stated in the contract. The contract shall be automatically continued in force and effect for additional one-year periods beyond the end of its original term, except and until the contract is modified or terminated by mutual agreement of the board of directors and the administrator, or until terminated as provided by this section.

Iowa Code § 279.24(1).

> The school board may, by majority vote of the membership of the school board, cause the contract of an administrator to be terminated. If the school board determines that it should consider the termination of a nonprobationary administrator's contract, the following procedure shall apply:
>
> *a.* On or before May 15, the administrator shall be notified in writing by a letter personally delivered or mailed by certified mail that the school board has voted to consider termination of the contract. The notification shall be complete when received by the administrator.

    *b.* The notice shall state the specific reasons to be used by the school board for considering termination which for all administrators except superintendents shall be for just cause.

*Id.* § 279.24(5)(*a*)–(*b*).

The plain and unambiguous language of section 279.24(1) requires that "[a]n administrator's contract *shall* remain in force and effect for the period stated in the contract." *Id.* § 279.24(1) (emphasis added). Section 279.24(1) also plainly and unambiguously states that at the end of the term of the contract, by operation of law the contract remains in effect for successive one-year terms, until by mutual agreement the parties modify or terminate the contract. *Id.* Finally, section 279.24(1) is clear that the school district has an option of unilaterally terminating the contract at the end of its original term or at the end of a successive one-year term as long as the school district follows the statutory procedures. *Martin v. Waterloo Cmty. Sch. Dist.,* 518 N.W.2d 381, 383 (Iowa 1994). Any unilateral termination requires the school district to terminate for just cause. Iowa Code § 279.24(5)(*b*).

We have held just cause to terminate an administrator as used by the legislature in section 279.24 "include[s] legitimate reasons relating to the district's personnel and budgetary requirements." *Briggs v. Bd. of Dirs. of Hinton Cmty. Sch. Dist.,* 282 N.W.2d 740, 742 (Iowa 1979). Additionally, we have held just cause to terminate an administrator as used by the legislature in section 279.24 also includes "faults attributable to the administrator or teacher." *Id.* The latter characterization of just cause incorporates the definition of "good cause" as used in the statute prior to the 1977 and 1979 amendments changing the grounds for a teacher's termination from "good cause" to "just cause." *Id.* "Good cause" or "faults attributable to the administrator or teacher"

meant " 'incompetency, inattention to duty, (or) partiality.' " *Id.* (quoting *Hartman v. Merged Area VI Cmty. Coll.*, 270 N.W.2d 822, 825 (Iowa 1978)).

Applying these principles to Martinek's termination, we first note that at the school board stage and the appellate stage of the proceedings the school district only argued it had the right to terminate Martinek under section 279.24 of the Code. The term of Martinek's contract was for two years, a length of term authorized by the legislature. *See* Iowa Code § 279.23(1)(*a*) (authorizing school districts to enter into contracts with non-superintendent administrators for a maximum period of two years). Although the district's financial situation was just cause to terminate Martinek's contract, the district had no authority under section 279.24 to terminate the contract before the end of the two-year term. *Martin*, 518 N.W.2d at 383.

Iowa Code section 279.25 allows the district to discharge an administrator for just cause at any time during the contract year. Iowa Code § 279.25. At no time did the district argue that "legitimate reasons relating to the district's personnel and budgetary requirements" constitutes just cause under section 279.25. *Briggs*, 282 N.W.2d at 742. While we have held just cause in section 279.25 "*includes* professional incompetence and other faults attributable to the employee," we have never limited the meaning of "just cause" in section 279.25 to exclude "legitimate reasons relating to the district's personnel and budgetary requirements." *Wedergren v. Bd. of Dirs.*, 307 N.W.2d 12, 20 (Iowa 1981) (emphasis added); *Briggs*, 282 N.W.2d at 742. Because the school district has not raised nor have the parties briefed the applicability of section 279.25 to Martinek's termination, we need not reach its applicability to the facts of this case.

The court of appeals affirmed the district court on the grounds that Iowa Code section 279.25 could not be used to support Martinek's termination. Because the school district did not argue that it could terminate the contract under section 279.25 and we have left that question open for another day, we must vacate the decision of the court of appeals, even though we are affirming the district court on the statutory issue.

**B. Contractual Issues.** The contract entered into by Martinek and the district contained the following paragraphs regarding termination:

> IT IS AGREED that throughout the terms of this contract the Principal shall be subject to discharge or demotion for good and just causes, provided however that the Board does not arbitrarily or capriciously call for his/her dismissal or demotion. The Principal shall have the right to service of written charges, notice of hearing, and be afforded a private and fair hearing before the Board.
>
> IT IS FURTHER AGREED that the Principal shall have the right of renewal prior to the end of each contract year for additional years, except that the renewal of this contract beyond the first year is contingent upon any realignment of the type of school organization.

The legislature has authorized school districts to include such terms in its contracts. *See* Iowa Code § 279.23(1)(*e*) (stating a contract may include "[s]uch other matters as may be agreed upon"). The district argues each paragraph gave them the right to terminate Martinek's contract prior to the expiration of its term.

1. *Good-and-just-causes paragraph.* The former superintendent of the school district drafted the contract at issue. He was not called to testify at the hearing. At the hearing, Martinek testified she read the contract prior to signing it and understood that the phrase "good and just causes" meant both good and just causes as required by law. The

present superintendent of the school district testified at the hearing. His position was that the financial situation of the school district constituted "good and just causes" to terminate the contract.

On appeal, the school district only argues that notwithstanding the contractual language, it is not required to show good cause because neither Iowa Code section 279.24 nor section 279.25 uses the term "good cause."[1] It makes this claim arguing its contract cannot include a term not authorized by the statute.

The flaw with this argument is that we have already determined that just cause as contemplated in section 279.24 includes the concept of good cause as a subset of just cause. *Briggs*, 282 N.W.2d at 742. Furthermore, we have previously held that just cause under section 279.25 also includes good cause. *Wedergren*, 307 N.W.2d at 20. Thus, because good cause is included in sections 279.24 and 279.25 we cannot write the term "good cause" out of the contract.

2. *Realignment paragraph.* The school district argues the realignment paragraph allows the district to terminate Martinek's contract mid-term because the superintendent's new position as superintendent and elementary school principal for budget constraints is a realignment as envisioned by the paragraph. We disagree.

---

[1]The school district conceded the contractual provision stating "the Principal shall be subject to discharge or demotion for good *and* just causes" required the district to prove both a good cause and a just cause to support the principal's discharge. (Emphasis added.) Therefore, we do not consider whether this contractual provision should be interpreted using the "familiar rule of construction that the word 'and' is sometimes construed as a disjunctive such as 'or.'" *Koethe v. Johnson*, 328 N.W.2d 293, 299 (Iowa 1982) (construing statute); *accord In re Detention of Altman*, 723 N.W.2d 181, 187 (Iowa 2006).

For this provision to apply a "realignment of the type of school organization" must occur. The district's definition of "the type of school organization" is contained in the school's policy manual. It provides:

> The schools shall be organized into levels of instruction as follows:
>
> 1. Elementary schools: the elementary school will consist of Kindergarten and grades 1 through 6.
>
> 2. Junior-Senior High School: The junior-senior high school shall consist of grades 7 through 12.

The manual clearly defines the "types of school organization" as the levels of instruction offered by the district at the elementary schools and those offered at the junior-senior high school. Therefore, to have a realignment of the type of school organization, the levels of instruction in the schools would have to change. Staff changes have nothing to do with the types of school organization.

The superintendent claims despite the depiction in the policy manual, that the policy manual description is obsolete. Even if the policy manual description is obsolete, it was in effect at the time of Martinek's termination. Without a change in the levels of instruction in the schools in the district, the provision making the renewal of Martinek's contract beyond the first year contingent upon any realignment of the type of school organization is inapplicable to her termination.

## V. Disposition.

Because the school district did not have the authority under Iowa Code section 279.24 or the contract to terminate Martinek before she completed her two-year term under the contract, we affirm the judgment of the district court. However, we must vacate the decision of the court of appeals affirming the judgment of the district court, for the reason

that the court of appeals used its interpretation of Iowa Code section 279.25 to affirm the district court's judgment.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT DECISION AFFIRMED.**

All justices concur except Baker, J., who takes no part.