# IN THE SUPREME COURT OF IOWA

No. 08–0565

Filed August 21, 2009

**CYNTHIA MARTINEK,**

    Appellant,

vs.

**BELMOND-KLEMME COMMUNITY
SCHOOL DISTRICT,**

    Appellee.

Appeal from the Iowa District Court for Wright County, Kurt L. Wilke, Judge.

The plaintiff appeals from the district court's ruling affirming the defendant's termination of her employment as a principal for just cause under Iowa Code section 279.24 (2007). **AFFIRMED.**

Charles Gribble of Parrish Kruidenier Dunn Boles Gribble Cook Parrish Gentry & Fisher, L.L.P., Des Moines, for appellant.

Brian L. Gruhn of Gruhn Law Firm, Cedar Rapids, for appellee.

**BAKER, Justice**.

The plaintiff, Cynthia Martinek, appeals from the district court's ruling affirming the termination of her employment as a principal under Iowa Code section 279.24 (2007) by the defendant, Belmond-Klemme Community School District. Martinek claims that the district court erred in failing to reverse the school board's decision to terminate her contract because the school district failed to establish just cause for her termination as required under Iowa Code section 279.24. We find that the district court did not err in determining a preponderance of competent evidence in the record supported the Belmond-Klemme Community School District's termination of Martinek due to declining enrollment, budget concerns, and essential staff reductions.

## I. Background Facts and Proceedings.

In 1993, Dr. Cynthia Martinek was hired as the elementary school principal for the Belmond-Klemme Community School District (District). She held that position for thirteen years. Martinek has a bachelor's degree, a master's degree, and a doctorate degree in educational leadership. She also holds teaching and administrative licenses which certify her to serve as a superintendent, high school principal, and elementary school principal.

On July 21, 2005, Martinek entered into the contract at issue with the District. This contract stated that Martinek "agrees to serve as Elementary School (PK–6) Principal in the Belmond-Klemme Community School District for a two (2) year period commencing with the 2005–2006 school year . . . ."[1]

---

[1]In May of 2006, before the end of the first year of the two-year contract, the District notified Martinek that it intended to terminate her contract at the end of the 2005–2006 school year. The notice listed four reasons for the termination: (1) declining

On April 25, 2007, the District sent Martinek a notification, stating that it intended to terminate her employment at the end of the 2006–2007 school year, on June 30, 2007. As grounds for the termination, the District listed: (1) declining enrollment, (2) budgetary restrictions and problems, (3) reduction of position(s), and (4) realignment of school organization.

Pursuant to the realignment, Larry Frakes, the former 7–12 principal, became the superintendent and part-time elementary school principal, and David Sextro, the former superintendant, served as assistant superintendent, part-time elementary school principal, and construction supervisor for the new elementary school. Five days after terminating Martinek, the District hired administrator Roy Frakes to serve as 7–12 principal and activities director. Roy Frakes is the brother of Larry Frakes. The District claimed that the hiring of Roy Frakes was part of a plan to gradually reduce administrators, and that a portion of Sextro's salary was paid out of the construction fund and had no effect on the school's yearly budget. At the hearing in front of the administrative law judge (ALJ), Sextro testified that at the end of the 2007–2008 school year he would retire, leaving the district with only two administrators.

---

enrollment, (2) budgetary restrictions, (3) reduction of position, and (4) realignment of school district.

On May 5, 2006, Martinek contested her proposed termination, claiming that under Iowa Code section 279.24, the District could only terminate her contract for professional incompetence or faults attributable to her prior to the end of her contract. After being heard by an administrative law judge, the Belmond-Klemme School District Board of Directors, the Wright County District Court, and the Iowa Court of Appeals, Martinek's case made its way to the Iowa Supreme Court. On February 6, 2009, the Iowa Supreme Court ruled that the District did not have the authority under Iowa Code section 279.24 or under Martinek's contract to terminate her before she completed her two-year term under the contract. *Martinek v. Belmond-Klemme Cmty. Sch. Dist.*, 760 N.W.2d 454, 459 (Iowa 2009).

Martinek sent a letter to the Belmond-Klemme School District Board of Directors (Board) contesting the reasons for her termination and requested a hearing before an ALJ pursuant to Iowa Code section 279.24(5)(*c*). A hearing was conducted, after which the ALJ issued a proposed decision finding the District had shown by a preponderance of the evidence that "just cause" existed to terminate the continuing contract of Martinek. Martinek appealed the ALJ's decision to the Board, which adopted the ALJ's proposed decision as its own.

Thereafter, Martinek filed a notice of appeal with the district court. The district court concluded the District's decision to terminate Martinek's contract for just cause was supported by a preponderance of the evidence. In ruling in favor of the District, the trial court only addressed three of the reasons argued in support of Martinek's termination: (1) declining enrollment, (2) budgetary problems, and (3) reduction of staff. Martinek appealed the district court's judgment.

**II. Discussion and Analysis.**

**A. Scope of Review.** Both parties agree that Martinek's termination is governed by Iowa Code section 279.24. Section 279.24 governs terminations that occur at the conclusion of an administrator's contract term, while section 279.25 governs terminations that occur during the contract term. *See* Iowa Code §§ 279.24, .25.

As this court has explained, the court must follow the guidelines in Iowa Code section 279.24(6) when reviewing a school board's decision to terminate an administrator's contract. *Martinek v. Belmond-Klemme Cmty. Sch. Dist.*, 760 N.W.2d 454, 456 (Iowa 2009) (hereinafter *Martinek I*). This Code section states:

> The court shall reverse, modify, or grant any other appropriate relief from the school board's action . . . if substantial rights of the administrator have been prejudiced

because the school board's action is . . . [u]nsupported by a preponderance of the evidence in the record made before the school board when that record is reviewed as a whole.

Iowa Code § 279.24(6)(*f*). In discussing what is meant by reviewing the record as a whole, we said:

This does not mean each [reason] must be considered separately and must itself amount to just cause. It means, rather, that when the record is considered as a whole the proof must show by a preponderance of the evidence that there is just cause for termination on the basis of the reasons stated.

*Bd. of Educ. v. Youel*, 282 N.W.2d 677, 682 (Iowa 1979).

Martinek claims that none of the District's asserted grounds for her termination constitute a legitimate reason as contemplated by the Iowa Supreme Court and that these stated grounds are not supported by a preponderance of the evidence. She also asserts that the reasons given are not sufficient because the District's actions have not saved it any money. Five days after firing Martinek the District hired another administrator at a salary $16,000 higher than Martinek's.

We must therefore determine whether the District's stated grounds are legitimate under the statute and whether the Board's decision to uphold the termination of Martinek was supported by a preponderance of competent evidence in the record. *Bd. of Dirs. v. Banke*, 498 N.W.2d 697, 701 (Iowa 1993). The court is limited on review to the record that was before the Board. *Id.* While a preponderance of competent evidence is a higher standard than substantial evidence, this is not de novo review. *Id.*; *Walhart v. Bd. of Dirs.*, 694 N.W.2d 740, 744 (Iowa 2005). A preponderance of the evidence is the evidence "that is more convincing than opposing evidence" or "more likely true than not true." *Holliday v. Rain & Hail L.L.C.,* 690 N.W.2d 59, 63–64 (Iowa 2004). It is evidence superior in weight, influence, or force. *Walhart*, 694 N.W.2d at 744.

**B. Preponderance of Competent Evidence.** Martinek was terminated on June 30, 2007. Her two-year contract expired at the end of the 2006–2007 school year. Iowa Code section 279.24 governs this controversy. This section reads: "The notice shall state the specific reasons to be used by the school board for considering termination which for all administrators except superintendents shall be for just cause." Iowa Code § 279.24(5)(*b*).

In *Martinek I,* this court reiterated that, for the purposes of the nonrenewal provision of Iowa Code section 279.24,[2] just cause " 'include[s] legitimate reasons relating to the district's personnel and budgetary requirements.' " *Martinek I,* 760 N.W.2d at 457 (quoting *Briggs v. Bd. of Dirs.,* 282 N.W.2d 740, 742 (Iowa 1979)). The District claims Martinek was terminated because of: (1) declining enrollment, (2) budgetary restrictions and problems, (3) reduction of position(s), and (4) realignment of school organization. These alleged grounds for termination are clearly related to the District's personnel and budget needs. Thus, the only issue remaining is to determine whether the Board's decision to terminate Martinek for these stated reasons is supported by a preponderance of competent evidence in the record. *Banke,* 498 N.W.2d at 701.

In its ruling in favor of the District, the district court explicitly addressed only three of the reasons argued in support of Martinek's termination: (1) declining enrollment, (2) budgetary problems, and

---

[2]This section states in part that contracts

shall be automatically continued in force and effect for additional one-year periods beyond the end of its original term, except and until the contract is modified or terminated by mutual agreement of the board of directors and the administrator, or until terminated as provided by this section.

Iowa Code § 279.24(1).

(3) reduction of staff. The District did not seek an enlargement under Iowa Rule of Civil Procedure 1.904(2) of the trial court's decision requesting that the court address its fourth rationale; however, the district court discussed the realignment of school organization as part of its discussion about the District's reduction of staff. We will uphold a district court ruling on a ground other than the one upon which the district court relied provided the ground was urged in that court. *Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 774–75 (Iowa 2009); *see also Ritz v. Wapello County Bd. of Sup'rs*, 595 N.W.2d 786, 789 (Iowa 1999) ("Rule [1.904(2)] is directed at unsuccessful parties who intend to challenge the district court's ruling on issues it did not resolve. A successful party would have no motivation to raise a rule [1.904(2)] motion to challenge the basis upon which the district court made its decision. Consequently, the requirements of rule [1.904(2)] are only applied to unsuccessful parties challenging the district court decision.").

1. *Declining enrollment.* The District asserts that it has experienced a dramatic decline in enrollment since 1999. In upholding Martinek's termination, the Board adopted the ALJ's findings of fact and conclusions of law. In his proposed decision, the ALJ stated:

> The Belmond-Klemme School District, like most districts in rural Iowa, has experienced significant declines in student enrollment over the last several decades. Specifically in this district, reductions have exceeded twenty-five percent over the past eight school years. . . .
>
> . . . The projections for the 2007–2008 school year indicate a district-wide reduction of fifteen more students. . . . Should the enrollment projections for 2007–2008 be substantially correct, this would reflect a loss of slightly over six percent in the past 3 years. Clearly enrollment decline, though slowing, continues to be a reality in the Belmond-Klemme School District.

A preponderance of competent evidence in the record supports these findings. The evidence shows that the Belmond-Klemme Community School District lost over 200 students since the 1999–2000 school year. The evidence also establishes that the District receives approximately $5,338 per enrolled student in state aid. Thus, in the ten-year span covered by these figures, the District lost approximately $1 million dollars in yearly income, a significant reduction for a small school district.

Martinek counters that the District's figures are flawed because they are calculated by data beyond the time period at issue in this case. She claims the District must establish declining enrollment during the term of her contract, namely the 2005–2006 and 2006–2007 school years. Courts are not constrained to the term of the administrator's contract when deciding whether there has been a decline in enrollment. *See, e.g., In re Waterloo Cmty. Sch. Dist.*, 338 N.W.2d 153, 154 (Iowa 1983) (court relied upon data establishing a decline from 1967 to 1980); *Pocahontas Cmty. Sch. Dist. v. Levene*, 409 N.W.2d 698, 700 (Iowa Ct. App. 1987) (court considered an enrollment decline of 33.1% from 1975 to 1985). We find the District showed a preponderance of competent evidence demonstrating enrollment has significantly declined from 1999 through 2007.

2. *Budgetary problems.* The District also alleges that it is experiencing significant budgetary problems. According to the Independent Auditor's Reports for the Belmond-Klemme Community School District from 2003 to 2006, the District's unreserved fund balance declined from $1,131,919.00 to $229,161.00. The District projected that by the end of 2007 this balance will have further declined to $71,750.00. The District's auditor testified that the unreserved fund

balance is the amount of money the District would have if it were liquidated.

In addition, the record indicates the District's solvency ratio has shrunk from 25% in 2003 to 3.5% in 2006. The solvency ratio is a figure used by the Iowa Schools Cash Anticipation Program to determine a district's financial health. The District projected that at the end of 2007, this ratio would be 1.1%. This solvency ratio would put the District into the solvency alert category. The evidence shows that the State requires districts with weak solvency ratios to be "more conservative budgeting revenues in the next budget year and [have] more stringent cost controls."

Other evidence provided by the District further shows that in the 2005–2006 school year the District outspent its incoming revenue by $310,000. Both the AEA Director of Finance and the District's auditor testified that the District must reduce its expenditures if it hopes to have a balanced budget in the future, as it is only expected to receive $7,831 in new money from the state for the 2007–2008 school year.

The court finds the District has demonstrated by a preponderance of competent evidence that it is experiencing budgetary problems.

3. *Reduction and realignment of staff.* Finally, the District claims Martinek was terminated because of the need for a reduction in administrative staff. The District states that due to the drop in enrollment from the 1999–2000 school year to the 2007–2008 school year it needed to reduce staff. Since 1999–2000, it has reduced teaching staff from approximately 70 teachers to around 55 teachers today. In that same time period, the District did not reduce any administrative staff positions.

In response to the declining enrollment and budgetary concerns, the District decided to reduce the number of administrative staff. The Board determined the best way to reduce school administrators was to eliminate the elementary school principal and divide that position's duties between the superintendent and the high school principal. Martinek was the District's only elementary school principal, and, therefore, she was the administrator chosen for termination.

Martinek argues that the District's own actions undermine its claim that it needed to reduce administrative staff. Five days after firing Martinek the District hired administrator Roy Frakes to serve as 7–12 principal and activities director. The District counters that Frakes' hiring was part of its plan to restructure its administrators. Thus, even though the District hired a new administrator to serve as 7–12 principal and activities director, it cut back to 2.5 administrative staff. According to the District's plan, once Sextro (the former superintendent) retired, the district would employ Larry Frakes as district superintendent and elementary school principal and Roy Frakes as 7–12 principal and activities director, leaving the district with just two administrators.

A preponderance of competent evidence substantiates the District's strategy to gradually reduce administrative staff. If the termination decision is based on some set policy or criteria it cannot be challenged in court, unless the policy or criteria used are illegal or irrational such as race, religious preference, sex, or political persuasion or based on "some petty vendetta." *In re Waterloo Cmty. Sch. Dist.*, 338 N.W.2d at 156. The District's decision to terminate Martinek was based upon objective criteria. The District needed to reorganize its administrative staff. Of the three administrative positions in the District, the Board determined that the elementary school principal duties could be best divided between the

two remaining administrators, and, therefore, that position was eliminated. Martinek was the only elementary school principal in the District. Roy Frakes was hired for a different position—7–12 principal and activities director. The qualifications and duties of this position are different than those of an elementary school principal. Therefore, his hiring does not disprove the District's claim that it needed to reduce and reorganize its administrative staff.

The burden is on Martinek to prove her termination was for an improper purpose, and the District's stated grounds are a pretext. *See Hagarty v. Dysart-Geneseo Cmty. Sch. Dist.*, 282 N.W.2d 92, 98 (Iowa 1979). Before Martinek's initial termination notice in 2006, there is no evidence or allegation of any discord between Martinek and the District. Her employment file was not entered into the record, and the District has not listed any fault reasons for her termination. There is no allegation or evidence that the termination was for any improper purpose. In short, there is no evidence in the record that suggests Martinek's termination was because of illegal or irrational reasons or due to a petty vendetta.

Martinek points to the District's contemporaneous hiring of Roy Frakes as proof that the District is not experiencing financial problems or enrollment decline. While the timing of his hiring certainly raises suspicions, given the evidence, this court cannot say that the District did not use objective criteria in deciding to terminate Martinek and hire Roy Frakes.

"The board is an elective body free to exercise its own discretion in deciding which . . . positions to terminate." *In re Waterloo Cmty. Sch. Dist.*, 338 N.W.2d at 156. Accordingly, we find the District presented a preponderance of competent evidence demonstrating the need to reduce

administrative staff positions and has shown an objective basis for its decision to eliminate Martinek's position.

The District met its burden to establish just cause existed to terminate Martinek.

### III.  Disposition.

We hold the district court did not err in finding the Belmond-Klemme Community School District provided a preponderance of competent evidence demonstrating Martinek's termination was necessary due to declining enrollment, budgetary concerns, and essential staff reductions.  The district court decision is affirmed.

**AFFIRMED.**

All justices concur except Cady, J., who takes no part.