# IN THE COURT OF APPEALS OF IOWA

No. 18-0722
Filed May 1, 2019

**MICHAEL W. KING,**
        Plaintiff-Appellee,

**vs.**

**GAGE M. SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.


        Gage Smith appeals following the issuance of a final domestic abuse

protective order against him.  **AFFIRMED.**


        Gage M. Smith, Urbandale, pro se appellant.

        Michael W. King, Des Moines, pro se appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**PER CURIAM.**

Gage Smith appeals following the issuance of a final domestic abuse protective order against him. He argues there is insufficient evidence to support the court's finding that he committed domestic abuse and, therefore, the court improperly issued the protective order. Because sufficient evidence supports the district court's finding that Smith committed domestic abuse against King, we affirm.

**Background Facts and Proceedings.**

This case originally involved four petitions for relief from domestic abuse filed pursuant to Iowa Code section 236.3 (2018). Gage Smith obtained temporary protective orders against his uncle, Michael King, and Nichole Teel[1] on April 2, 2018. Later that same day, King and Teel filed separate petitions for relief from domestic abuse seeking temporary protective orders against Smith. King's and Teel's petitions were set for hearing on April 11, 2018, and Smith's temporary protective orders were scheduled for hearing on April 17, 2018.

The incident that led to the filing of the petitions occurred on the night of April 1, 2018. At the time King, Teel, and their children shared a house with Smith. That night, after spending a few days in Missouri, Smith returned home to find Caitlind, his former girlfriend, and Zach, one of King's acquaintances, at the house. Caitlind was leaving as Smith entered the house, but it is unclear from the record when or if Zach left at any point. Smith became upset because he did not want Zach in the house, and a disagreement ensued between Smith and King. King

---

[1] The record does not reflect that Smith and Teel are in any way related.

and Teel testified that Smith said he was going to get his gun and shoot them. King admitted he then shoved Smith out of the house and his hand came into contact with Smith's face. King further testified that he wanted Smith out of the house after Smith threatened to shoot them because he was concerned Smith would get his gun from the front porch, the portion of the house where Smith lived.

Once out of the house, Smith called 911 to report the incident. Smith admitted in his testimony that he asked the 911 operator if he could shoot King and Teel because he wanted to know about the stand your ground law. The situation quickly defused when two Des Moines police officers arrived at the house and removed Smith's gun from his waistband, after Smith admitted he had the gun on his person during the entire incident.

Hearings were held on April 11 and April 17, 2018.[2] With the patience of Job, the court carefully guided the parties, each representing themselves, through the admission of exhibits and the somewhat rambling and frequently irrelevant testimony. In an order dated April 17, 2018, the court stated that:

> Based upon the evidence presented, the court finds by a preponderance of the evidence:
> 1) King committed domestic assault against Smith.
> 2) Smith committed domestic assault against King.
> 3) There was no evidence to establish that Teel committed domestic assault against Smith. In addition, Teel cannot prosecute a claim for domestic assault against Smith because they do not meet the definition of family members or household members under the statute.
> 4) Smith cannot prosecute a claim for domestic assault against Teel because they do not meet the definition of family members or household members under the statute.
> 5) Smith and King represent credible threats to the safety of each other.

---

[2] We were not provided a transcript of the April 11th hearing.

The court went on to order and set the parameters for a final domestic abuse protective order against both Smith and King, pursuant to Iowa Code chapter 236. The court further ordered that the temporary protective order by Smith against Teel and the petition for relief from domestic abuse by Teel against Smith were both dismissed. As best this court can tell from Smith's pro se brief, he is appealing the final domestic abuse protective order by arguing there was insufficient evidence to find he committed domestic assault against King.[3,4] We affirm the district court, finding sufficient evidence to show that Smith committed domestic assault against King.

**Standard of Review.**

Civil domestic abuse cases are heard in equity, and therefore our review is de novo. *See Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001). "Respectful consideration is given to the trial court's factual findings and credibility determinations, but not to the extent where those holdings are binding upon us." *Id.* Therefore, the district court's findings of fact are binding on us if supported by substantial evidence: evidence that reasonable minds could accept as adequate to reach the same findings. *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996); *see also Lashley v. Charran*, No. 07-0201, 2007 WL 4553598, at *2 (Iowa Ct. App. Dec. 28, 2007).

---

[3] Accordingly, we only address the district court's second holding above, that Smith committed domestic assault against King.
[4] King did not file an appellate brief.

**Discussion.**

Smith's pro se brief contends the district court had insufficient evidence to find that he committed domestic assault against King. Iowa Code section 236.4(1) states that allegations of domestic abuse must be proven "by a preponderance of the evidence." "A preponderance of the evidence is the evidence 'that is more convincing than opposing evidence' or 'more likely true than not true.' It is evidence superior in weight, influence, or force." *Martinek v. Belmond-Klemme Cmty. Sch. Dist.*, 772 N.W.2d 758, 761 (Iowa 2009) (citations omitted). Section 236.2(2) defines "domestic abuse" as "committing assault as defined in section 708.1" under certain domestic circumstances.[5] Section 708.1(2)(b) defines assault as, without justification, "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act."

> The district court found that
>
> King's knowledge of Smith's ownership of a handgun, coupled with Smith's statement that he was going to get it and shoot them, demonstrates King's concern for his safety. When King's concern is coupled with Smith's admission that he inquired whether he could shoot King, it demonstrates to this court that he had the apparent ability to carry out the act and a conscious consideration to do so. This . . . constitutes an assault.

We agree. Smith's own statements and actions show that he intended to place King "in fear of immediate physical contact" by threatening to shoot him and Teel. *See* Iowa Code § 708.1(2)(b). Further, Smith had a gun in his waistband during the altercation and, therefore, had the "ability to execute the act" already

---

[5] Smith and King fall under section 236.2(2)(a) (family members residing together at the time of the assault).

threatened.  *Id.*  The court considered all of the evidence presented by the parties and found that Smith and King both committed domestic assault against each other.  "Understandably[, the] trial court was in a better position than are we to observe the conduct of all witnesses, including the parties hereto, and determine the credibility of their testimony."  *Paxton v. Paxton*, 231 N.W.2d 581, 584 (Iowa 1975).  We find the district court properly determined there was a preponderance of the evidence to support a finding of domestic assault by Smith against King.

Any arguments and requests for relief made by Smith not specifically addressed in this opinion are deemed denied.

Accordingly, we affirm the court's issuance of a final domestic abuse protective order.

**AFFIRMED.**